UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DOREK EMANUEL HAYES, #1430524** :
:
      **Petitioner,** :
:
v. : Civil No. 2:13cv380
:
**HAROLD W. CLARKE,** :
**Director, Virginia Department of Corrections,** :
:
      **Respondent.** :

## REPORT AND RECOMMENDATION

Petitioner Dorek Emanuel Hayes ("Hayes" or "Petitioner") seeks a writ of habeas corpus alleging evidentiary errors underlying his state conviction for leaving the scene of an accident involving personal injury or death. The respondent moved to dismiss Hayes' petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth in detail below, the undersigned recommends that respondent's motion be GRANTED, and the petition DISMISSED.

## STATEMENT OF THE CASE

Hayes is presently serving an active period of incarceration on three charges arising from an accident that occurred on December 30, 2009. Hayes pled guilty to driving under the influence, second offense within five years, and maiming another while driving under the influence. Following a bench trial, the Circuit Court of the City of Virginia Beach also convicted Hayes of a third charge, leaving the scene of an accident involving personal injury or death. (ECF No. 7-1). The court sentenced him to serve a total of fifteen years and twelve months in

1

prison, with five years suspended, for an active sentence of eleven years. Id. Hayes appealed to the Court of Appeals of Virginia challenging the sufficiency of the evidence and the applicable standard of proof for his conviction for leaving the scene of an accident involving personal injury or death. (ECF No. 7-3). In a per curiam opinion, the court denied his appeal. Hayes v. Commonwealth, No. 2018-10-1 (Va. Ct. App. Mar. 1, 2011) (per curiam). Hayes did not file a petition for appeal with the Supreme Court of Virginia.

Hayes then filed a timely state habeas petition with the Supreme Court of Virginia on February 27, 2012. (ECF No. 7-4). In two separate grounds for relief, Hayes alleged the following ineffective assistance of counsel claims:

A. Petitioner's counsel was ineffective for failure to appeal his conviction from the [C]ourt of [A]ppeals of Virginia to the Supreme Court of Virginia.

B. Petitioner's counsel was ineffective at tr[ia]l and on appeal because counsel raised several claims on appeal that [were] a basis for reversing petitioner's conviction, but those claims were procedurally barred because counsel did not object to them at trial to [p]reserve them for appeal.

Id. at 8-9. The Supreme Court awarded a writ of habeas corpus granting a late appeal, "without prejudice to the petitioner's right to file a subsequent habeas corpus petition limited to the ground or grounds assigned in the present petition." (ECF No. 7-5).

On August 1, 2012, Hayes, with the assistance of counsel, filed a petition for appeal in the Supreme Court of Virginia. (ECF No. 7-6). Hayes alleged the following three assignments of error:

I. Did the trial court err by failing to apply Cottee v. Commonwealth when it ruled the Commonwealth presented sufficient evidence of intent? Review of this issue is warranted pursuant to the ends of justice exception of Rule 5:25 even though the assignment of error was not preserved by appellant at the circuit court nor presented to the Court of Appeal[]s in Appellant's Petition of Appeal.

II. Did the Commonwealth present[] sufficient evidence of intent under Cottee

     v. Commonwealth? Review of this issue is warranted pursuant to the ends of justice exception of Rule [5:25] even though the assignment of error was not preserved by appellant at the circuit court nor presented to the Court of Appeal[]s in Appellant's Petition of Appeal.

 III. Did the Court of Appeals err in ruling the trial court correctly denied the defendant's Motion to Strike the Case as no evidence of specific intent was presented by the Commonwealth?

Id. at 5. On December 5, 2012, the Supreme Court of Virginia refused Hayes' petition without comment. (ECF No. 7-7). Although permitted to do so by the Supreme Court's initial grant of habeas relief, Hayes did not file any further requests for collateral relief in state court.

 On July 10, 2013, Hayes, proceeding pro se, timely filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In his federal petition, Hayes asserts three grounds for relief, encompassing the same claims raised in his direct appeal to the Supreme Court:

 I. The trial court erred by failing to apply Cottee v. Commonwealth when it ruled the Commonwealth presented sufficient evidence of intent. Review of this issue is warranted pursuant to the ends of justice exception of Rule 5:25 even though the assignment of error was not presented by appellant at the circuit court nor presented to the Court of Appeals in Appellant's Petition of Appeal.

 II. The Commonwealth presented insufficient evidence of intent under Cottee v. Commonwealth. Review of this issue is warranted pursuant to the ends of justice exception of Rule [5:25] even though the assignment of error was not preserved by Appellant at the circuit court nor presented to the Court of Appeal[]s in Appellant's Petition of Appeal.

 III. The Court of Appeals erred in ruling the trial court correctly denied the defendant's Motion to Strike the Case as no evidence of specific intent was presented by the Commonwealth.

(ECF No. 1-1). Respondent filed its Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 6, 7). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Hayes was advised of his right to file opposing affidavits,

statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose the respondent's filing. (ECF No. 8). Hayes filed a reply, and therefore, the respondent's Motion to Dismiss is ripe for judicial review.

## **RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

"To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for purposes of federal review, Hayes' claims have been exhausted, either because he previously presented them to the state's highest court, or because he would now be procedurally barred from doing so. (ECF No. 7 at 6-9).

Once a petitioner's state remedies have been exhausted, a federal court may not grant relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's adjudication is contrary to clearly

4

established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court, however, are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

A federal habeas petitioner's claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Breard, 134 F.3d at 619 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A state rule is adequate and independent where it is "regularly or consistently applied by the state court," and "does not rely on a rule of federal constitutional law." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)). A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). A procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 156, 170 (1982)). A proper showing of "actual innocence" is sufficient

to satisfy the "miscarriage of justice" requirement. See House v. Bell, 547 U.S. 518, 536-37 (2006).

Claims I and II in Hayes' federal petition are procedurally defaulted. In both claims, Hayes asserts the trial court incorrectly applied Cottee v. Commonwealth, 31 Va. App. 546, 525 S.E.2d 25 (2000) on the issue of intent, and as such, the Commonwealth failed to establish sufficient evidence of intent in light of that case. Hayes raised these claims in the Supreme Court of Virginia during his direct appeal, and conceded, as he did in his federal habeas petition, that neither claim had been preserved at the Circuit Court or presented to the Court of Appeals. (ECF No. 7-6 at 5). In his petition for appeal to the Court of Appeals, however, Hayes argued that the trial court should have found, pursuant to the actual knowledge standard enunciated in Cottee,[1] that he was unaware of the accident and accordingly, lacked the requisite intent to commit the charged offense. (ECF No. 7-3).

In the last reasoned opinion on these issues, the Court of Appeals expressly declined to hear these claims on the grounds that they were not preserved by a contemporaneous objection at trial. This refusal was based on Rule 5A:18 of the Rules of the Supreme Court of Virginia. When a state court "clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, then that procedural rule provides an independent and adequate ground for the dismissal," and the federal habeas claim is procedurally defaulted. Breard, 134 F.3d at 619 (citing Coleman, 501 U.S. at 731-32). The Virginia procedural rule prohibiting claims on appeal that were not preserved at trial is an adequate and independent state law basis for procedural

---

[1] See Cottee, 31 Va. App. at 558, 525 S.E.2d at 31 ("In order to be guilty of violating the statute, 'the driver must be aware that harm has been done; it must be present in his mind that there has been an injury; and then, with that in his mind, he must deliberately go away without making himself known.'") (internal quotations and citations omitted). The court went on to state, however, that "[i]f an injury is inflicted under such circumstances as would ordinarily superinduce the belief in a reasonable person that injury would flow, or had flowed, from the accident or collision, then it is the duty of the operator to stop his vehicle." Id. (citations omitted).

default. Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Weeks v. Angelone, 4 F. Supp. 2d 497, 515 (E.D. Va. 1998). "Under federal habeas law, [this Court] is not at liberty to question a state court's application of a state procedural rule because a state court's finding of procedural default is not reviewable if the finding is based upon an adequate and independent state ground." Williams v. French, 148 F.3d 203, 209 (4th Cir. 1998) (citing Harris v. Reed, 489 U.S. 255, 262 (1985)).

The Virginia Supreme Court's decision in Hayes' state habeas petition was explicitly "without prejudice to the petitioner's right to file a subsequent habeas corpus petition" limited to the ineffective assistance of counsel claims assigned therein. (ECF No. 7-5). Specifically, Hayes had alleged that counsel "was ineffective at trial and on appeal because counsel raised several claims on appeal that was a basis for reversing petitioner's conviction, but those claims were procedurally barred because counsel did not object to them at trial to reserve them for appeal." (ECF No. 7-4 at 2). Hayes apparently chose not to pursue a subsequent state habeas challenge on his ineffectiveness claims, however, instead filing the instant federal petition following the Supreme Court's refusal of his direct appeal.

In this petition, Hayes has alleged no objective factor external to the defense which would have prevented him from complying with the procedural rule which resulted in his default. Although he has generally relied on the phrase, "ends of justice," it is in connection with the state procedural rule, and he has presented no new evidence from which the court could conclude he was "actually innocent," such that declining the claim would amount to a miscarriage of justice. See Wolfe v. Johnson, 565 F.3d 140, 164 (4th Cir. 2009) (explaining that a § 2254 petitioner asserting actual innocence to pursue his procedurally defaulted constitutional claims must "show that it is more likely than not that no reasonable juror would have convicted

him in the light of the new evidence.") (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Because Hayes has not articulated any basis for this Court to review his procedurally defaulted claims, this report recommends they both be dismissed.

In Claim III, Hayes alleges the Court of Appeals erred in ruling the trial court correctly denied the defendant's motion to strike the case as no evidence of specific intent was presented by the Commonwealth. Petitioner raised this claim on direct appeal. Because Hayes received a decision on the merits in the Court of Appeals and thereafter appealed to the Supreme Court of Virginia, this claim is properly exhausted. Review in this Court, however, is barred unless the state court's decision was contrary to or based on an unreasonable application of federal law or determination of the facts. 28 U.S.C. §§ 2254(d)(1)-(2). It was not.

An essential element to the right to due process is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (discussing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.

1982).

In Jackson, the Supreme Court expressly recognized that its holding accorded "full play" to the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Jackson, 443 U.S. at 319. In Wright v. West, the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (internal citations omitted) (emphasis in original).

While Hayes' petition lacks significant detail, it appears that he contends that the evidence was insufficient to convict him of leaving the scene. (ECF No. 1-1 at 13). Specifically, Hayes maintains that he lacked the specific intent necessary to commit the crime. In reviewing this challenge on direct appeal, the Virginia Court of Appeals, as the last reasoned state court opinion on the issue, summarized the facts and arrived at the following holding:

> [A]ppellant's car struck Mary Edwards as she was pushing a shopping cart along the side of the 4700 block of Honeygrove Road, a residential street with a twenty-five-mile-per-hour speed limit. Appellant continued to speed down Honeygrove Road, barely avoiding a collision with another car, and eventually "crash[ing] into a parked van in front of 4820 Honeygrove Road," approximately one-half mile from where he struck Edwards. Edwards suffered severe injuries and remained in the hospital for more than two months.
>
> Vontina Laws, a passenger in the car appellant almost hit, estimated appellant was driving "at least 40-45 mph."
>
> Carlos Ortiz, Jr., saw appellant's car hit Ms. Edwards and her shopping cart on the shoulder of the road and proceed driving at the same high rate of speed. Ortiz testified that Ms. Edwards "flew up in the air and landed in the yard." Ortiz followed appellant's car and saw him crash into a parked van. When Ortiz told an officer that

appellant ran over someone, appellant said he did not hit anybody. Appellant appeared calm but confused.

Officer Nodley arrived and found appellant "sitting in the driver's seat and the van's owner standing nearby." In response to Nodley's questions, appellant said he was not injured and there were no passengers in his car. When he exited his car, appellant was unsteady on his feet and "there was a strong odor of alcohol about his person." Nodley asked if he had been drinking, and appellant said no. After learning that Ms. Edwards had been struck, Nodley handcuffed appellant.

Officer Spreder investigated the incident and testified that appellant appeared intoxicated. Appellant denied having consumed alcohol, however, he exhibited slurred speech, his eyes were glassy, and he refused to perform any field sobriety tests or a breath test. He was unsteady on his feet, however, he did not appear to have any difficulty understanding Spreder. Appellant repeatedly stated he wanted to go home. When asked if he had taken any medications, appellant said he took "Keppra and Librium" around 10:00 a.m. The following exchange took place:

> Q [Commonwealth's attorney:] Did he appear to have anything medically wrong with him when you spoke with him?
> A [Spreder:] No, ma'am.
> Q [Commonwealth's attorney:] Did he appear to be suffering from a seizure?
> A [Spreder:] No, ma'am.

Appellant initially indicated he would take the required breath test, however, he later changed his mind at the police station, stating he was not drunk, "he's under medication." Spreder did not believe appellant had had a seizure because of the odor of alcohol on his person, his slurred speech, he did not appear to manifest any signs of a medical condition, and he told the officer he was fine.

Appellant's father testified that appellant was a heavy drinker and suffered from seizures. He recalled appellant had been treated at the hospital for seizures and identified hospital records related to several hospital visits by appellant.

\* \* \*

Here, after hearing and seeing all of the evidence, the trial court believed the Commonwealth's evidence, including its analysis of the medical records that appellant's seizures generally occur when he abstains or withdraws from alcohol consumption, and held that because appellant was admittedly intoxicated at the time of the accident, he did not suffer a withdrawal seizure so as to negate his intent to leave the scene. "The credibility of the witness and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

> That determination was competent, was not inherently incredible, and provided sufficient circumstantial evidence to prove beyond a reasonable doubt appellant had the requisite intent to violate the statute by failing to stop and render assistance.

Hayes v. Commonwealth, No. 2018-10-1, at 2-5.

After reviewing the transcript of the trial and the opinion of the Court of Appeals, the undersigned finds no unreasonable determination of fact, nor any unreasonable application of federal law in the Virginia Court of Appeals' analysis. Hayes argues that the evidence was insufficient to convict him because he claimed to have suffered a seizure or was intoxicated, and thus did not know he had hit the victim. However, as the Cottee opinion on which Hayes relies establishes, "[i]f an injury is inflicted under such circumstances as would ordinarily superinduce the belief in a reasonable person that injury would flow, or had flowed, from the accident or collision, then it is the duty of the operator to stop his vehicle." Cottee, 31 Va. App. at 558, 525 S.E.2d at 31.

Here, the trial court heard all of the evidence and made its own factual determinations as to the credibility and consistency of the testimony. In the excerpt quoted above, the Court of Appeals recounted sufficient evidence to sustain Hayes' hit and run conviction under the standard articulated in Cottee. The investigating officer testified that he did not request medical attention, appeared to understand the questions presented to him, and identified the medications he had been taking. Moreover, the evidence of his seizures indicated they arose when he withdrew from drinking and there was ample evidence of his voluntary intoxication. Viewing the evidence in the light most favorable to the Commonwealth, the Court of Appeals' finding that the evidence was adequate to sustain Hayes' conviction was not unreasonable, particularly given the "sharply limited nature of constitutional sufficiency review." Wright v. West, 505 U.S.

at 296-97. Therefore, the undersigned recommends this claim be dismissed.[2]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's Motion to Dismiss be GRANTED and that Hayes' petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claim DISMISSED with prejudice.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

---

[2] A second part of Hayes' Claim III is procedurally defaulted. Hayes attempts to argue, just as he did in the substance of Claims I and II, that the Commonwealth failed to prove he was aware of striking the victim. (ECF No. 1-1 at 13-14). As explained previously, the Court of Appeals, in the last reasoned opinion on the issue, expressly refused to hear this issue as the requirements of Rule 5A:18 were not met. To the extent this part of Claim III is not subsumed in the sufficiency analysis, absent cause and prejudice or proof of a miscarriage of justice, this part of Claim III is barred from federal habeas review.

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 25, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Dorek Emanuel Hayes, #1430524
Baskerville Correctional Unit
Route 1, Box 65
Baskerville, VA 23915

John Watkins Blanton
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

_February 25_, 2014